[No. 13328.  Department Two.  October 9, 1916.]

L. S. BREAKS, *Respondent*, v. SPOKANE AUTO COMPANY, *Appellant*.[1]

SALES—CONDITIONAL SALES—FORFEITURE—WAIVER.  Where plaintiff purchased an automobile for $1,220, paying $1,000 in cash, taking a conditional bill of sale and giving a note for the balance, and afterwards left the car for resale with defendant, who offered to find some plan for disposing of the car so that plaintiff could get his money out of it, and plaintiff relied thereon, it is unconscionable to enforce a forfeiture, upon defendant's repairing the car at a cost of $242, and selling it for $1,000, without any declaration of forfeiture.

EQUITY—MAXIMS.  A small item of $11.80 interest on a repair bill, that possibly was offset against other items involved, may be disregarded on the principle of *de minimus non curat lex*.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered August 27, 1915, upon findings in favor of the plaintiff, in an action on contract, tried to the court.  Affirmed.

*J. D. Campbell,* for appellant.

HOLCOMB, J.—Respondent, in November, 1912, purchased a Buick automobile from appellant for $1,220.70, paid $1,000.70 cash and gave appellant a note for $220 on which one dollar was indorsed.  A conditional bill of sale was executed by the parties and duly filed, reserving title to the automobile in the appellant.  The note was due March 1, 1913, and was not paid.  Respondent took an agency at North Yakima and put in some time there attempting to sell Buick cars.  Failing in that enterprise, he returned with the car to Spokane.  Thereafter he frequently put the car in appellant's garage for sale, for greater or less periods of time, and at intervals used the car for his own purposes.  In November, 1913, appellant reclaimed and repossessed the car, repaired, overhauled and repainted it and, in March, 1914,

[1]Reported in 160 Pac. 291.

resold it for $1,000. The repairs and repainting cost $196.62. There was due on respondent's note at the time of the resale, in principal and interest, $242.36. Another note for $85, given by respondent on May 13, 1913, to E. C. Finley, with eight per cent interest per annum, had been assigned and transferred by Finley to appellant, and was set up as a counterclaim against respondent.

The trial court found the facts in favor of respondent, and found, among other things, that it was "against the conscience of the court to declare a forfeiture under the conditional bill of sale," and that "there was no express declaration of forfeiture by appellant."

The record discloses that Finley, manager for appellant, out of friendliness for respondent and his mother, had undertaken to protect respondent. He expressly offered, both to respondent and to his mother, by letter, "to find some plan for disposing of the car so that he [respondent] would get his money out of it." Unusual and unbusinesslike as such generosity may be, it so stood, and respondent relied upon it; and when appellant repossessed itself of the car without any declaration of forfeiture, and resold it for a sum amply sufficient to recompense itself for its unpaid debt and for all its outlays and respondent's outlay, we think the court justified in holding it unconscionable to enforce a forfeiture of the conditional bill of sale. By its judgment, the court undertook to make both parties whole upon the entire transaction of the parties, and we think it did so.

There is a trifle of $11.80 interest appellant claims should, in any case, have been allowed by the court upon the repair bill of $196.62, at the legal rate. The court allowed the full amount claimed for repairs, which was doubtless large enough, and possibly offset this small item against other items involved. *De minimis non curat lex.*

Judgment affirmed.

MORRIS, C. J., and PARKER, J., concur.

MAIN and BAUSMAN, JJ., concur in the result.